# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-3707

———————

Eddie Watt; Susan Watt,         *
                                           *

            Appellants,       *

                                           *    Appeal from the United States
       v.                           *    District Court for the
                                           *    Western District of Arkansas.

GMAC Mortgage Corporation,     *

                                           *

            Appellee.         *

———————

Submitted: April 21, 2006.
Filed: August 4, 2006 **(Corrected 8/16/06)**

———————

Before ARNOLD and COLLOTON, Circuit Judges, and BOGUE,[1] District Judge.

———————

ARNOLD, Circuit Judge.

Eddie and Susan Watt brought this class action on behalf of themselves and other homeowners whose mortgages are serviced by GMAC Mortgage Corporation. The Watts claimed that GMAC violated the Real Estate Settlement Procedures Act (RESPA), *see* 12 U.S.C. §§ 2601-2617, by charging a $20 fee each time the plaintiffs requested their payoff amount from GMAC's website. The Watts also alleged that GMAC breached its contract with the plaintiffs.

———————

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

GMAC filed a motion to dismiss for failure to state a claim upon which relief could be granted, *see* Fed. R. Civ. P. 12(b)(6), and the district court[2] granted the motion as to the RESPA claim and declined to exercise jurisdiction over the remaining state breach-of-contract claim, *see* 28 U.S.C. § 1367(c)(3). After the district court denied the Watts' motion to reconsider, the plaintiffs appealed, asserting that they stated a RESPA claim because that law does not permit a mortgage servicer to charge fees for payoff statements requested by a homeowner. In the alternative, the Watts maintain that even if RESPA permits a fee to be charged, a factual question exists as to whether GMAC's fees were reasonable. We affirm.

I.

The Watts contend that RESPA did not permit GMAC, as their mortgage servicer, to charge them fees for payoff statements that they requested through its website because such statements were made in response to "qualified written requests," and RESPA imposes a duty upon servicers to provide information in response to such requests. *See* 12 U.S.C. § 2605(e). Since RESPA imposes a duty to respond but does not state that servicers may charge fees for statements sent in response to qualified written requests, the Watts argue, servicers are prohibited from charging fees.

RESPA does indeed establish classes of statements for which a servicer is not permitted to charge the borrowers a fee. *See* 12 U.S.C. § 2610; *see also* 24 C.F.R. § 3500.12. But responses to a qualified written request as described in § 2605 are not included in this group. A standard axiom of statutory interpretation is *expressio unius est exclusio alterius*, or the expression of one thing excludes others not expressed. *Jama v. INS*, 329 F.3d 630, 634 (8th Cir. 2003), *aff'd sub nom.*, *Jama v. Immigration and Customs Enforcement*, 543 U.S. 335, 341 (2005). Although "such canons 'long

---

[2]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

have been subordinated to the doctrine that courts will construe the details of an act in conformity with its dominating general purpose,' " *Herman & MacLean v. Huddleston*, 459 U.S. 375, 387 n.23, (1983) (quoting *SEC v. C.M. Joiner Leasing Corp.*, 320 U.S. 344, 350-51 (1943)), "[w]e do not lightly assume that Congress has omitted from its adopted text requirements that it nonetheless intends to apply, and our reluctance is even greater when Congress has shown elsewhere in the same statute that it knows how to make such a requirement manifest," *Jama*, 543 U.S. at 341.

Congress expressed its intent to preclude servicers from charging fees for certain statements, and we think that this fairly implies, absent evidence to the contrary, that types of statements not enumerated are excluded from the prohibition. If Congress intended that all RESPA's statutory requirements were to be provided without charge, moreover, it had an excellent chance to say so. In 1990, when § 2605 was enacted, Congress also amended § 2610 to prohibit servicers and lenders from charging fees for escrow account statements. It said nothing about requests for payoff amounts. *See* Cranston-Gonzalez Nat'l Affordable Housing Act, Pub. L. 101-625, §§ 941-42, 104 Stat. 4079, 4405-12 (1990).

RESPA was intended to reform the real estate settlement or closing process to give consumers "greater and more timely information" on the nature and the amount of settlement costs and to protect them "from unnecessarily high settlement charges." 12 U.S.C. § 2601(a). We do not believe that this purpose will be undermined by allowing mortgage servicers to charge a fee for information provided in response to qualified written requests.

## II.

The Watts maintain, in the alternative, that even if fees may be charged for information requested pursuant to § 2605(e), Congress could not have intended to permit exorbitant fees as this would undermine RESPA's consumer protection objective. Thus, they argue, the statute includes an implicit requirement that the fees

be reasonable and "a fact question remains" as to whether GMAC's fees were reasonable. But the Watts are appealing a dismissal of their RESPA count, which alleged that GMAC was required to provide information "without any charge"; there was no claim that GMAC violated RESPA by charging an unreasonable fee. As the Watts acknowledge on appeal, they raised the issue of reasonableness after judgment had been entered against them and they had filed a motion for reconsideration. After GMAC responded to that motion, the Watts filed a reply in which they contended for the first time that even if Congress intended to permit a fee to be charged for providing information in response to a qualified written request, the fee must be reasonable, and that a fact question remained as to the reasonableness of GMAC's fee. A party generally may not use a post-judgment motion to present a new theory or argument that could have been tendered prior to judgment. *See Miller v. Baker Implement Co.*, 439 F.3d 407, 414 (8th Cir. 2006); Fed. R. Civ. P. 59(e). Because this issue was never properly raised in the district court and that court did not address it, we decline to address it for the first time on appeal. *Cf. von Kerssenbrock-Praschma v. Saunders*, 121 F.3d 373, 375-76 (8th Cir. 1997).

The judgment of the district court is affirmed.

_____